UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

RECEIVED
JUL 25 2025
CLERK, U.S. DISTRICT COURT
DULUTH, MINNESOTA

Robert Preble and John Casper, Plaintiffs,

v.

Itasca County Board of Commissioners;

John Johnson, Casey Venema, Cory Smith, Terry Sinder, Larry Hopkins;

Brett Skyles, County Administrator;

Jacob Fauchild, County Attorney;

Joe Dasovich, Sheriff;

Austin Rohling, Auditor/Treasurer,

Defendants.

Case No: 25-cv-3006-LMP/LIB

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983)

Pro Se Plaintiffs

I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343, as the action arises under the Constitution and laws of the United States, including 42 U.S.C. 1983.

2. Venue is proper in this district under 28 U.S.C. 1391(b), as all events occurred in Itasca County, Minnesota.

II. PARTIES

3. Plaintiffs Robert Preble and John Casper are adult residents of Itasca County, Minnesota, engaged in lawful civic participation, public oversight, and accountability efforts.

4. Defendants are elected and appointed public officials employed by or acting on behalf of Itasca County, Minnesota, all acting under color of state law during the events described.

III. STATEMENT OF FACTS

SCANNED
JUL 25 2025
U.S. DISTRICT COURT DULUTH

5. Between May and June 2025, Plaintiffs submitted weekly written comments to the County Board through the official citizen input process. These comments addressed public matters of significant concern including:

- IMCares financial burden on taxpayers;
- Mishandled fatal vehicular and sexual assault cases involving minors;
- Discriminatory prosecution patterns by County Attorney Jacob Fauchild;
- Lack of transparency in public budgeting;
- Violations of Minnesota Statute Chapter 13.

6. Submissions were lawfully presented using the countys designated form and, in one instance, through pseudonymous filing under Chapter 13 protections due to reasonable fear of retaliation.

7. On May 13, 20, 27, and June 3, 10, 17, and 24, 2025, Plaintiffs submitted comments. These were either ignored entirely or selectively excluded from being read aloud at public meetings in violation of published policy.

8. No notice of denial, explanation, or opportunity to appeal was provided. Other citizen inputsoften less politically criticalwere routinely read aloud.

9. Administrator Brett Skyles and Auditor Rohling failed to comply with lawful data requests. Plaintiffs sought documentation of IMCare expenditures, meeting transcripts, and the Countys public comment policy. These were refused or obstructed without written justification.

10. The Sheriffs Office, led by Joe Dasovich, used a public records portal that forcibly required personal identity disclosuredespite Minnesota Statute 13.03, subd. 3, which permits anonymous access to public data. This inconsistent enforcement violates the law and chills First Amendment-protected oversight.

11. Plaintiff Preble was forced to use a pseudonym in order to access data from the Sheriff's Office after having witnessed retaliatory exclusion of lawful citizen input. No legal citation was provided to justify this requirement.

12. These actions constitute a pattern of exclusion, retaliation, and discrimination based on content and viewpointparticularly concerning government accountability and fiscal responsibility.

13. From May 13 through June 24, 2025, Plaintiff Robert Preble submitted weekly citizen input under a pseudonym in accordance with his right to remain anonymous under Minnesota Statute Chapter 13. These submissions were made in good faith and in full compliance with all procedural requirements, but were never read or acknowledged by the County.

14. On July 15, 2025, Plaintiff submitted a similar comment using his legal name Robert Preble. This submission was read aloud by Administrator Brett Skyles at the County Board meeting, making it the first time any of Plaintiffs input was entered into the public record.

15. The content of the July 15 submission was consistent in tone and subject matter with Plaintiffs earlier anonymous submissions. The only difference was the inclusion of his legal name.

16. This shift in treatment clearly illustrates that the Countys decision to read or exclude comments is not based on content neutrality or consistent procedural enforcement. Instead, it demonstrates selective enforcement based on identity which constitutes viewpoint discrimination.

17. This incident directly supports Plaintiffs allegations that the Countys suppression of anonymous input was not a lawful enforcement action, but a retaliatory and discriminatory practice intended to silence critics of County officials and policies.

Count I First Amendment Violation (Viewpoint Discrimination and Retaliation)

17. Defendants created and maintained a designated public forum through the official citizen input submission process at County Board meetings. Plaintiffs utilized this forum to submit comments on matters of public concern.

18. Despite following all procedural requirements, Plaintiffs' input was repeatedly suppressed due to the nature of their content. Comments critical of County policy, elected officials, and ongoing legal matters were excluded without justification while others were read aloud.

19. Such exclusions constitute viewpoint discrimination and retaliation in violation of the First Amendment to the United States Constitution. Government actors may not suppress speech based on disagreement with the speakers viewpoint.

Count II Fourteenth Amendment Violation (Equal Protection and Due Process)

20. Defendants selectively enforced submission procedures and failed to apply consistent standards.

Plaintiffs were treated differently from similarly situated members of the public without notice or opportunity to be heard.

21. This unequal treatment violates the Equal Protection Clause. Further, the absence of any rejection notice or appeal process deprived Plaintiffs of basic procedural due process.

Count III Violation of Minnesota Government Data Practices Act (Chapter 13)

22. Plaintiffs submitted formal data requests concerning IMCare budget allocations, meeting procedures, and public engagement policy. These were refused or stonewalled by Administrator Skyles and Auditor Rohling, with no written legal justification.

23. The Sheriff's Office used a form that required mandatory disclosure of name, address, and phone number, in direct contradiction of Minn. Stat. 13.03, subd. 3, which permits anonymous requests. This discrepancy across departments reflects arbitrary and unlawful enforcement of state law.

Count IV Fourth Amendment Violation (Compelled Disclosure and Constructive Search)

24. The Fourth Amendment protects against unreasonable searches, including the compelled disclosure of personal identifying information absent legal basis. By designing systems that force the disclosure of names and addresses to access public data or participate in government meetings, the County performed constructive searches without warrant, justification, or consent.

25. The absence of any anonymous option on public comment or data request systems serves as an unconstitutional barrier. Plaintiffs were required to identify themselves to submit grievances about those same officialsposing an inherent risk of reprisal and chilling oversight.

26. These compelled identity requirements violate Plaintiffs reasonable expectation of privacy in seeking and accessing public records, and represent a governmental overreach under the Fourth Amendment.

V. RELIEF REQUESTED

Plaintiffs respectfully request that this Court:

1. Declare that Defendants violated Plaintiffs rights under the First, Fourth, and Fourteenth Amendments, as well as Minnesota Statute Chapter 13.

2. Issue injunctive relief requiring:

a. All public submissions be reviewed and read without content-based exclusion;

b. The County immediately implement anonymous options for comment and data request portals;

c. Full disclosure of public records previously requested;

3. Award compensatory damages to be determined at trial;

4. Award Plaintiffs costs, fees, and any further relief this Court deems just and proper.

Respectfully submitted,

Robert Preble
25432 North Road
Bovey, MN 55709
prebs@gmail.com
(218) 244-8983

*[signature]* 7-25-25

John Casper
18919 Wendigo Park Road
Grand Rapids, MN 55744
jscottghost1@yahoo.com
(218) 398-4157

Dated: [Insert Date]

*John S Casper* 7-25-25