**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Robert Preble and John Casper,

Plaintiffs,

v.

Itasca County Board of Commissioners;
John Johnson, Casey Venema, Cory Smith,
Terry Synder, Larry Hopkins;
Brett Skyles, County Administrator;
Jacob Fauchild, County Attorney;
Joe Dasovich, Sheriff;
Austin Rohling, Auditor/Treasurer,

Defendants.

Case No.: 25-CV-03006 (LMP/LIB)

**Defendants' Joint Answer to Complaint**

---

COMES NOW Defendants Itasca County Board of Commissioners: John Johnson, Casey Venema, Cory Smith, Terry Synder, and Larry Hopkins, County Administrator Brett Skyles, County Attorney Jacob Fauchild, Sheriff Joe Dasovich, and Auditor/Treasurer Austin Rohling (collectively hereinafter "Defendants") for their Joint Answer to Plaintiffs' Complaint (hereinafter referred to as the "Complaint"). Collectively Defendants state and allege as follows:

1. Unless hereinafter admitted, qualified, or otherwise answered, these answering Defendants deny each and every allegation, matter, thing and inference contained in Plaintiffs' Complaint.

2. Regarding the introduction to the Complaint, the plain language of the Complaint speaks for itself. Defendants deny any characterization of the Complaint

contrary to its plain language. Defendants further deny and liability and damages or relief owed to Plaintiffs.

3. The allegations of paragraphs 1 and 2 of the Complaint are ones of law to which no response is required. Defendants deny all allegations of law made by Plaintiffs.

4. Upon information and belief, Defendants admit paragraphs 3 and 4 of the Complaint.

5. Paragraphs 5-8 of the Complaint are denied except to the extent that they are consistent with public records and data maintained by Itasca County in the regular course and scope of its operations. Defendants explicitly deny retaliating against Plaintiffs and deny that they have a reasonable fear of retaliation. As set forth in the Complaint by Plaintiffs themselves, they are political activists and no action taken by Defendants now or in the past has dissuaded them in their efforts and activities.

6. Paragraphs 9-10 of the Complaint are denied.

7. Defendants are without sufficient information and belief to admit or deny the allegations of paragraph 11 of the Complaint and therefore they deny the same and put Plaintiffs to proof.

8. Paragraph 12 of the Complaint is denied.

9. Defendants are without sufficient information and belief to admit or deny the allegations of paragraph 13 of the Complaint and therefore they deny the same and put Plaintiffs to proof.

10. Paragraphs 14-17 of the Complaint are denied as stated. Defendants admit that on July 15, 2025, a written citizen comment submitted by Robert Preble was read aloud

at the Itasca County Coard of Commissioners meeting and that a discussion was held on the topic as more fully set forth in the video recording of said meeting which is available at:

https://reflect-ictv.cablecast.tv/internetchannel/show/31900?currentDay=2025-07-15&site=1.

11. With regard to Count I and the second paragraph 17 stated thereunder as well as paragraphs 18-19 of the Complaint, the allegations are ones of law to which no response is required. Furthermore, they are an incorrect statement of the law, and they are denied. To the extent that the allegations are ones of fact, they are sufficiently vague there being no specification of dates and conduct so as to prevent a response and they are, thus, denied.

12. With regard to Count II of the Complaint and paragraphs 20-21, Defendants deny.

13. Regarding Count III of the Complaint and paragraphs 22-23, Defendants deny as stated. Defendants admit to receiving Minnesota Government Data Practices Act (MGDPA) requests from Plaintiffs from time to time as more fully set forth in official public records related to the same. The remainder is denied.

14. With regard to Count IV of the Complaint and paragraphs 24-26, Defendants deny.

15. With regard to the Paragraph V and the Relief Requested, Defendants deny any wrongdoing, any liability, any damages caused, and that Plaintiffs are entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES AND OTHER RELATED DEFENSES**

By way of their affirmative and other related defenses, Defendants state and allege as follows:

1. Some or all of Plaintiffs' claims are barred for lack of proper service. Defendants affirmatively alleged that Plaintiffs never served on Defendants a copy of the Complaint, nor the proposed Amended Complaint.

2. Some or all of Plaintiffs' claims are barred for lack of subject matter jurisdiction.

3. Some or all of Plaintiffs' claims are barred for failure to state a claim upon which relief can be granted.

4. Plaintiffs lack standing because they have not suffered an actual injury sufficient to support a legal cause of action and there is no actual constitutional injury, and thus no basis for a claim under 42 U.S.C. § 1983 or otherwise.

5. Plaintiffs' claims are barred because the alleged harm, if any, is speculative in nature.

6. Some or all of the claims asserted in Plaintiffs' Complaint may be barred in part, or in whole, by the doctrines of public duty, waiver, laches, estoppel, res judicata, justification, or unclean hands.

7. Some or all of the claims asserted in the Complaint may be barred in part, or in whole, by Plaintiffs' own conduct, admissions, agreements, accord and satisfaction, or contracts.

8. The comparative and contributory negligence of Plaintiffs proximately

caused or contributed to the alleged harm, injuries, and losses, if any, sustained by them. Any recovery by Plaintiffs is therefore barred or should be diminished accordingly.

9. Some or all of Plaintiffs' claims are barred by qualified immunity or other immunities afforded by statute or common law.

10. Defendants acted at all times in good faith in attempting to comply with their obligations under state and federal law, and as such, liquidated and/or punitive damages, multipliers, and/or penalties are not warranted.

11. Defendants deny that Plaintiffs suffered any damages, but if they did, Defendants affirmatively allege that Plaintiffs have failed to mitigate their own damages.

12. Defendants reserve the right to assert any and all additional defenses codified in Federal statutes, Minnesota statutes, Federal or State Rules of Civil Procedure or found in case law as may be identified through further investigation and discovery.

Dated: September 9, 2025

**Kennedy & Graven, Chartered**

By: */s/ Jessica E. Schwie*
Jessica E. Schwie (A.R. #0296880)
700 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402
Telephone: (612) 337-9222
Facsimile: (612) 337-9310
Email: jschwie@kennedy-graven.com

**Attorney for Defendants**