UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT PREBLE and JOHN CASPER, | Case No. 25-cv-3006 (LMP/LIB) |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT |
| ITASCA COUNTY BOARD OF COMMISSIONERS; JOHN JOHNSON; CASEY VENEMA; CORY SMITH; TERRY SNYDER;[1] LARRY HOPKINS; BRETT SKYLES; JACOB FAUCHILD; JOE DASOVICH; and AUSTIN ROHLING, | |
| Defendants. | |

Robert Preble and John Casper, pro se.

Jessica E. Schwie, **Kennedy & Graven, Chartered, Minneapolis, MN**, for Defendants.

Plaintiffs Robert Preble and John Casper originally filed this action on July 25, 2025. ECF No. 1. That complaint brought claims for violations of the First, Fourth, and Fourteenth Amendments, as well as the Minnesota Government Data Practices Act. *Id.* ¶¶ 17–26. Over the next two months, Plaintiffs unsuccessfully attempted to amend their complaint several times. ECF Nos. 12–14, 17–25. As United States Magistrate Judge Leo I. Brisbois aptly observed:

> The docket in this case has been riddled with confusing and non-compliant filings in the form of a motion, multiple proposed amended complaints

---

[1] Plaintiffs have sought leave to correct a clerical error in the spelling of Defendant Terry Snyder's name. ECF No. 8. That motion is granted, and the caption will be amended to reflect the correct spelling of Snyder's last name.

1

(described as various exhibits and variously labeled as Second Amended Complaint and Third Amended Complaint when there has never been a First Amended Complaint), a Stipulation to Amend Complaint, and no single, all inclusive, proposed operative First Amended Complaint that is, standing alone, meant to replace the original Complaint and is compliant with the Local Rule 15.1 for the District of Minnesota.

ECF No. 26 at 1. Magistrate Judge Brisbois struck those non-compliant filings from the docket and ordered the parties to meet and confer regarding Plaintiffs seeking leave to amend the original complaint. *Id.* at 2.

That did not happen. Instead, a day after Magistrate Judge Brisbois struck the non-compliant docket entries, Plaintiffs moved for a preliminary injunction involving conduct that was not alleged in the complaint. ECF No. 27. Then, on October 10, 2025, Defendants moved to dismiss the original complaint. ECF No. 36. Six days later, Plaintiffs again moved for leave to file an amended complaint, filed an opposition brief to Defendants' motion to dismiss, and filed various exhibits.[2] ECF No. 43.

It is therefore fair to say that this case is a procedural mess. Having considered the various filings in this case to date, the Court resolves the pending motions by: (1) denying Plaintiffs' motion for leave to amend their complaint; (2) denying Plaintiffs' motion for a preliminary injunction; and (3) granting in part and denying in part Defendants' motion to

---

[2] Plaintiffs' motion for leave to amend their complaint did not conform with Local Rule 7.1, and Plaintiffs were ordered to file the motion in accordance with the local rule. ECF No. 55. Plaintiffs later complied with that order and filed a "motion for leave to correct L.R. 7.1 filing deficiencies." ECF No. 56. The Court thanks Plaintiffs for their quick action to remedy their filing deficiencies. In the future, however, Plaintiffs do not need to file a motion requesting the Court to accept those compliant filings. For now, the Court will grant Plaintiffs' motion for leave to correct L.R. 7.1 filing deficiencies. ECF No. 56.

dismiss. Plaintiffs' original complaint (ECF No. 1) will therefore remain the operative complaint in this case. This Order resolves Plaintiffs' motion for leave to amend, and other orders issued contemporaneously with this Order resolve Plaintiffs' motion for a preliminary injunction and Defendants' motion to dismiss. *See* ECF Nos. 71, 72.

## ANALYSIS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) directs the Court to "freely give leave" to amend "when justice so requires." *Id.* Although this is a liberal standard, "parties do not have an absolute right to amend their pleadings" at any time. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). A district court appropriately denies leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (citation omitted). An amended pleading is futile when it "could not withstand a motion to dismiss under Rule 12(b)(6)." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citation omitted).

As explained in the Court's order on Defendants' motion to dismiss, *see* ECF No. 71, Plaintiffs' original complaint sufficiently identifies against which Defendants the complaint presses each claim and plausibly alleges a First Amendment claim and a procedural due process claim under the Fourteenth Amendment against several of the Defendants.

Plaintiffs' proposed amended complaint, ECF No. 43-2, is worse than their original complaint. For starters, the proposed amended complaint is replete with conclusory allegations, which is insufficient to plausibly state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Yet, that is exactly the type of allegations proffered in the proposed amended complaint. Take, for example, the allegation that "Defendants' delays and obstructions appear retaliatory in response to Plaintiffs' public criticism and requests for accountability." ECF No. 43-2 at 2. But the proposed amended complaint does not specify the "public criticism" and "requests for accountability" in which the Plaintiffs have engaged, so the allegation "is devoid of factual assertions that raise any entitlement to belief beyond the speculative level." *See Kludt v. MCF-Rush City*, No. 17-cv-3842 (PAM/KMM), 2018 WL 3059680, at *4 (D. Minn. May 30, 2018) (finding that allegation that defendants "retaliated" against the plaintiff "for reasons related to religious beliefs" was conclusory and did not satisfy Rule 8's pleading standard), *report and recommendation adopted*, 2018 WL 3059675 (D. Minn. June 20, 2018), *aff'd*, No. 18-2704, 2019 WL 468892 (8th Cir. Jan. 23, 2019).

More concerning, unlike the original complaint, the proposed amended complaint violates Rule 8(a) by impermissibly lumping Defendants together. "A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the

claims made against a particular defendant." *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012).  If a court must "guess which Plaintiffs are asserting which claims against which Defendants," then the complaint should be dismissed under Federal Rule of Civil Procedure 8.  *Tully v. Bank of Am., N.A.*, No. 10-cv-4734 (DWF/JSM), 2011 WL 1882665, at *6 (D. Minn. May 17, 2011).

Unlike the original complaint, the proposed amended complaint never identifies which Defendants purportedly read or "refused to read or enter Plaintiffs' submissions into the public record," which Defendants "discontinued online submission of citizen input," and which Defendants "failed to promptly respond" to Plaintiffs' public records request.[3] ECF No. 43-2 at 2.  Instead, the proposed amended complaint generally refers to nine "Defendants" committing various types of alleged misconduct. *Id.* at 2–3.  The proposed amended complaint's "grouping of defendants followed by a generalized assertion of wrongdoing does not explain which defendant or defendants engaged in what precise activity that allegedly harmed" Plaintiffs and therefore fails to state a claim. *Kludt*, 2018 WL 3059680, at *4.[4]

Accordingly, Plaintiffs' motion for leave to file an amended complaint is denied as futile.  Although the Court is directed to "freely give leave when justice so requires," Fed.

---

[3]   In contrast, for example, in the original complaint, Plaintiffs explicitly identify three Defendants who received Plaintiffs' public records requests, and Plaintiffs affirmatively allege the purported misconduct in which those three individual Defendants engaged with respect to Plaintiffs' public records requests. *See* ECF No. 1 ¶¶ 9–11, 22–25.

[4]   Plaintiffs also submitted various exhibits with their motion for leave to file an amended complaint.  ECF Nos. 48, 50.  But it is "not the Court's responsibility to mine

R. Civ. P. 15(a)(1)(B), the interests of justice counsel in favor of denying Plaintiffs' motion because if the motion were granted, Plaintiffs would be stuck with an amended complaint that is destined for dismissal. In denying the motion for leave to amend, the Court leaves the original complaint in place which, as discussed in the contemporaneously issued order, plausibly alleges a First Amendment claim and a Fourteenth Amendment procedural due process claim.

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Leave to Correct L.R. 7.1 Filing Deficiencies (ECF No. 56) is **GRANTED**;

2. Plaintiffs' Motion to Correct a Clerical Error in the Complaint (ECF No. 8) is **GRANTED**; and

3. Plaintiffs' Motion for Leave to Amend the Complaint (ECF No. 43) is **DENIED**.

Dated: December 2, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

these exhibits for 'nuggets that might refute obvious pleading deficiencies.'" *Joiner v. Hennepin Cnty. Bd.*, No. 17-cv-1452 (JNE/DTS), 2017 WL 3738456, at *2 (D. Minn. Aug. 30, 2017) (quoting *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017)). Because Plaintiffs' proposed amended complaint is patently deficient under Rule 8(a), the Court will not go rummaging through the attached exhibits to see if the proposed amended complaint's conclusory allegations can be saved.