UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT PREBLE and JOHN CASPER,<br><br>Plaintiffs,<br><br>v.<br><br>ITASCA COUNTY BOARD OF COMMISSIONERS; JOHN JOHNSON; CASEY VENEMA; CORY SMITH; TERRY SNYDER; LARRY HOPKINS; BRETT SKYLES; JACOB FAUCHILD; JOE DASOVICH; and AUSTIN ROHLING,<br><br>Defendants. | Case No. 25-cv-3006 (LMP/LIB)<br><br><br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

Robert Preble and John Casper, pro se.

Jessica E. Schwie, **Kennedy & Graven, Chartered, Minneapolis, MN**, for Defendants.

Plaintiffs Robert Preble and John Casper (collectively, "Plaintiffs") brought this action against a variety of elected and appointed public officials in Itasca County (the "County"), in relation to the online portal the Defendants established for County residents to submit written comments to be read aloud at the public meetings of the County Board of Commissioners (the "Board"). *See generally* ECF No. 1. Plaintiffs allege that they submitted comments through this online portal and that Defendants violated their rights under the First, Fourth, and Fourteenth Amendments by not reading their comments aloud at public Board meetings. *See id.* ¶¶ 17–21. Thirteen days after Plaintiffs filed this lawsuit, the Board stopped accepting written comments submitted through the online portal. ECF

1

No. 29.  Now, residents of the County who wish to provide input are required to attend the Board's in-person meetings held at 2:30 p.m. on Tuesdays.  ECF No. 30 at 1–2.

Plaintiffs filed a motion for a preliminary injunction on September 19, 2025, asserting that the Board decided to stop accepting written comments through the online portal in retaliation for Plaintiffs' decision to initiate this lawsuit, in violation of the First Amendment.  *See* ECF Nos. 27, 30.  Plaintiffs request that the Court order Defendants to reinstate the online portal.  ECF No. 30 at 3.  For the following reasons, Plaintiffs' motion is denied.

## ANALYSIS

A plaintiff who requests a preliminary injunction must establish that: (1) he is likely to succeed on the merits of his claims; (2) he is likely to suffer irreparable harm without preliminary relief; (3) the balance of equities tips in his favor; and (4) the injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

I.  **Plaintiffs Fail To Show a Likelihood of Success on the Merits**

In deciding whether to grant a preliminary injunction, the moving party's "likelihood of success on the merits" is the "most significant" factor.  *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 776 (8th Cir. 2012) (citation omitted).  And in First Amendment cases, "the likelihood of success on the merits is often the determining factor in whether a preliminary injunction should issue." *Schmitt v. Rebertus*, 148 F.4th 958, 970–71 (8th Cir. 2025) (quoting *Phelps-Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir.

2008), *overruled on other grounds by Phelps-Roper v. City of Manchester*, 697 F.3d 678 (8th Cir. 2012) (en banc)).

Plaintiffs' motion raises a First Amendment retaliation claim. ECF No. 30 at 2. To succeed on that claim, Plaintiffs must show three elements: (1) they "engaged in protected activity"; (2) Defendants took action against them that was sufficiently serious to "chill a person of ordinary firmness from engaging in that activity"; and (3) Defendants took the adverse action "to retaliate for the protected activity." *Zutz v. Nelson*, 601 F.3d 842, 848–49 (8th Cir. 2010) (citation omitted).

Plaintiffs argue that the close temporal proximity between filing their lawsuit on July 25, 2025, and Defendants shutting down the online portal thirteen days later demonstrates retaliation against Plaintiffs for filing this lawsuit. ECF No. 30 at 2. Plaintiffs are correct that "the right to file a legal action is protected under the First Amendment." *Spencer v. Jackson County*, 738 F.3d 907, 911 (8th Cir. 2013). However, temporal proximity between protected activity and the alleged retaliation, by itself, does not establish a retaliatory motive. *See Smith v. Rozeboom*, 108 F.4th 1064, 1071 (8th Cir. 2024) (citation omitted) (explaining that temporal proximity alone "is generally insufficient" to establish retaliatory motive); *Graham v. Barnette*, 5 F.4th 872, 889 (8th Cir. 2021) (noting that the temporal proximity of a plaintiff's First Amendment protected activity and the defendant's act is relevant, but "not enough on its own" to establish retaliation); *Johnson v. Ark. State Hosp.*, 282 F. App'x 497, 499 (8th Cir. 2008). Because Plaintiffs have only offered evidence of temporal proximity to support their assertion of retaliation, the Court concludes

that on the present record, Plaintiffs are unlikely to succeed on this First Amendment retaliation claim.

## II. The Remaining Preliminary-Injunction Factors Do Not Support Injunctive Relief

Given that "likelihood of success on the merits is often the determining factor in whether a preliminary injunction should issue" in First Amendment cases, *Schmitt*, 148 F.4th at 970, the Court concludes that the remaining preliminary-injunction factors similarly weigh against preliminary injunctive relief. Plaintiffs assert that the loss of First Amendment freedoms "even temporarily" is irreparable harm, ECF No. 30 at 2, but because Plaintiffs have failed to demonstrate that their First Amendment rights are being infringed, they fail to demonstrate irreparable harm. *See Ness v. City of Bloomington*, 437 F. Supp. 3d 714, 723 (D. Minn. 2020) (holding that a plaintiff could not show irreparable harm "because it is not clear that her claimed First Amendment interests are threatened").

The balance-of-harms factor also does not change things, as Plaintiffs have demonstrated no irreparable harm, and Defendants would suffer harm by facing an injunction for conduct that has not been found illegal or unconstitutional. "In other words, this factor favors [Defendants] because the merits of Plaintiffs' constitutional claim favor [Defendants]." *Independence-Alliance Party of Minn. v. Simon*, 603 F. Supp. 3d 684, 695 (D. Minn. 2022).

Finally, although the public interest is always served by protecting constitutional rights, *Phelps-Roper*, 545 F.3d at 694, Plaintiffs have not sufficiently established that their First Amendment rights are being violated. And although Plaintiffs are unquestionably

correct that "[o]pen channels of communication between citizens and government are central to democracy," ECF No. 30 at 3, Plaintiffs acknowledge that the Board maintains channels of communication between it and the residents of the County, *see id.* at 1 (noting that residents may still provide comments at the Board's in-person meetings). The public interest therefore does not demand issuance of a preliminary injunction restoring the online portal.[1]

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Preliminary Injunction (ECF No. 27) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 2, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

[1] Because the Court denies Plaintiffs' motion on the merits, it need not address Defendants' argument that the injunctive relief sought is outside of the scope of the claims raised in the operative complaint. ECF No. 41 at 4. The Court further observes that, like Defendants' briefing on their motion to dismiss, Defendants' opposition brief to Plaintiffs' motion includes cursory arguments (for example, on the merits of Plaintiffs' retaliation claim, Defendants merely assert in conclusory fashion that "a successful First Amendment retaliation claim has multiple elements, and without a greater showing on those elements, Plaintiffs cannot satisfy their heavy burden of persuasion to receive a preliminary injunction"). *Id.* at 5. Defendants are reminded that the Court has no obligation to consider a "perfunctorily raised, undeveloped argument," *In re Vera T. Welte Testamentary Tr.*, 96 F.4th 1034, 1039 (8th Cir. 2024), nor is it the Court's job to flesh out their arguments for them, *see Viking Supply v. Nat'l Cart Co.*, 310 F.3d 1092, 1099 (8th Cir. 2002).