**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Robert Preble and John Casper,

Plaintiffs,

v.

Itasca County Board of Commissioners;
John Johnson, Casey Venema, Cory Smith,
Terry Snyder, Larry Hopkins;
Brett Skyles, County Administrator;
Jacob Fauchild, County Attorney;
Joe Dasovich, Sheriff;
Austin Rohling, Auditor/Treasurer,

Defendants.

Case No.: 25-CV-03006 (LMP/LIB)

**Defendants' Statement of the Case**

---

Pursuant to the Court's December 18, 2025 Pretrial Conference Notice and Order, Defendants submit the following Statement of the Case addressing (1) the factual background, (2) summary of presently intended defenses, and (3) an analysis of claimed damages.

## FACTUAL BACKGROUND

In May and June of 2025, Plaintiffs allege that they submitted online comments for the Itasca County Board of Commissioners to read aloud at their meetings but assert that County officials unlawfully excluded those comments. *ECF Doc. 1 at 2,* ¶ *6.* Robert Preble specifically alleges that he submitted his comments under a pseudonym. *Id. at 3,* ¶ *13.* Based on these allegations, Plaintiffs are proceeding with a First Amendment claim and a related procedural due process claim that County Administrator Brett Skyles and

each of the individual County Commissioners violated Plaintiffs' constitutional rights. *See ECF Doc. 71 at 12-14, 19-20.*

**SUMMARY OF PRESENTLY INTENDED DEFENSES**

Plaintiffs did not have a First Amendment right or a related liberty interest under the Due Process Clause for County officials to read aloud their comments at County Commissioner meetings. These meetings were limited public forums. *Green v. Nocciero*, 676 F.3d 748, 753 (8th Cir. 2012) (determining that school board meeting was a limited public forum). In a limited public forum, a government may "control access to the forum based on the subject matter of the speech, on the identity or status of the speaker, or on the practical need to restrict access for reasons of manageability or lack of resources to meet total demand." *Viewpoint Neutrality Now! v. Bd. of Regents of Univ. of Minn.*, 109 F.4th 1033, 1039 (8th Cir. 2024) (quotation omitted). "A restriction must be reasonable in light of the purpose which the forum at issue serves and the reasonableness of a restriction on access is supported when substantial alternative channels remain open for restricted communication." *Powell v. Noble*, 798 F.3d 690, 700 (8th Cir. 2015).

Here, Defendants will produce evidence during discovery that they acted lawfully when they decided not to read comments. Finally, Defendants posit that Plaintiffs had and still have ample alternative means to express themselves publicly on important county issues.

**DAMAGES**

Plaintiffs request compensatory damages to be determined at trial. However, as set forth above, Plaintiffs are not entitled to damages. Even if awarded, damages for the

constitutional violations they allege would only be nominal.

Dated: January 7, 2026

**Kennedy & Graven, Chartered**

By: */s/ Jessica E. Schwie*
Jessica E. Schwie (A.R. #0296880)
700 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402
Telephone: (612) 337-9222
Facsimile: (612) 337-9310
Email: jschwie@kennedy-graven.com

**Attorney for Defendants**