**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Robert Preble and John Casper,<br><br>Plaintiffs,<br><br>v.<br><br>Itasca County Board of Commissioners;<br>John Johnson, Casey Venema, Cory Smith,<br>Terry Snyder, Larry Hopkins;<br>Brett Skyles, County Administrator;<br>Jacob Fauchild, County Attorney;<br>Joe Dasovich, Sheriff;<br>Austin Rohling, Auditor/Treasurer,<br><br>Defendants. | Case No.: 25-CV-03006 (LMP/LIB)<br><br>**Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for in Camera Review** |

---

## INTRODUCTION

On April 24, 2026, Plaintiffs filed a motion requesting that this Court conduct in camera review of certain internal emails that Defendants redacted pursuant attorney client privilege. *Doc. 106 at 1-3.* Plaintiffs argue that Defendants' privilege log is insufficient because Defendants only included generic information about the materials that they redacted. *Id. at 3.* Therefore, they contend that this court must review for itself what Defendants redacted to determine whether attorney client privilege should apply. *Id.* A meet and confer on the issue revealed that basically Plaintiffs want this Court to take a peek at the content of the emails to make sure they are protected by attorney client privilege and related doctrines. The Court is not entitled to destroy privilege and peek.

## PROCEDURAL HISTORY AND FACTS

As a reminder, Plaintiffs initially sued Defendants for multiple constitutional violations under 42 U.S.C. § 1983 and for violating the Minnesota Government Data Practices Act. *Doc. 1.* In the complaint, Plaintiffs alleged:

- From May 13 to June 24, 2025, they submitted written public comments through an online portal for county officials to read aloud at Itasca County Board of Commissioners meetings, but county officials failed to read those comments aloud. *Doc. 1 at 2.*
- During that period, Plaintiff Robert Preble submitted multiple comments under a pseudonym, none of which county officials read aloud. *Id. at 3*.
- On July 15, Preble submitted a comment under his own name, which County Administrator Brett Skyles did read aloud. *Id.*

Judge Provinzino dismissed the lawsuit in full except for a narrow set of claims: (1) a First Amendment claim that Defendants imposed an unreasonable restriction in a limited public forum when they did not read Plaintiffs' comments aloud; and (2) that Defendants did not provide Plaintiffs with adequate notice or an appeals process when they did not read those comments aloud. *Doc. 71 at 12-14, 19-20.*

The relevant events that led to this motion are as follows:

1. On February 10, 2026, Plaintiff John Casper admitted that he submitted only one written comment to the online citizen input portal between May 1, 2025, and July 15, 2025: a single submission under the name John Little from June 23. *Second Smoger Decl. Ex. 1 at 1-8.*[1]

[1] The comment is also present in exhibits to the First Declaration of Jennifer Sutherland which certified the collection and production of all comments submitted to the portal during the timeframe relevant to this complaint which was previously provided to Plaintiffs. *Doc. 95-1 at 44-85.*

2. On February 20, 2026, as part of its discovery responses, Defendants disclosed to Plaintiffs the Second Declaration of Jennifer Sutherland. *See Second Smoger Decl. Ex. 2.* Defendants attached to the declaration an exhibit containing all internal emails that county staff and officials exchanged regarding online citizen input between May 1, 2025, and July 25, 2025. *Id. at 2-61.* Defendants provided a privilege log that documented all internal emails that they redacted within the exhibit. *Doc. 108 at 13-15.*

3. On February 26, 2026, Plaintiffs served Defendants with a request for production with the following language:

> Produce complete and unredacted copies of the fifteen (15) emails identified in the February 20, 2026 Privilege Log, including all attachments and embedded documents.
> If privilege is maintained, produce a supplemental privilege log that:
> 1. Separately identifies each document;
> 2. States the specific privilege asserted;
> 3. Describes the basis for the privilege (including the legal advice sought or rendered); and
> 4. Identifies all recipients and copied individuals.
> If any document was disclosed to a non-attorney third party, state whether waiver is claimed not to apply and the legal basis for that position.

*Second Smoger Decl. Ex. 3 at 2-3.*

4. On March 27, 2026, Defendants objected to the request as follows:

> Objection. Defendants will not produce unredacted copies of emails that they redacted pursuant attorney client privilege, nor will they describe the legal advice sought or rendered, given that disclosing such information would defeat the purpose of attorney client privilege. In addition, no supplemental privilege log is necessary. The privilege log already (1) separately identifies the emails that Defendants redacted; (2) the authors

> and recipients of the redacted emails; and (3) the privilege asserted: attorney-client privilege.

*Second Smoger Decl. Ex. 4 at 7.* Immediately after Defendants served their response, Plaintiffs emailed Defendants to again demand that they produce unredacted versions of the emails or a supplemental privilege log. *Doc. 108 at 2.*

5. On April 3, 2026, Defendants responded and again refused to produce unredacted emails or a supplemental privilege log. Their response included the following language:

> In the privilege log, we already provide you with the recipients and senders of each of the emails that we redacted. *See Privilege Log.* Jacob Fauchald is included in each of those emails. *Id.* You well know that Jacob Fauchald is the Itasca County Attorney. We expressly state that we are asserting attorney client privilege for each of the emails we redacted. *See id.* To the extent you would like greater detail on the nature of the emails submitted, we note that each of the emails we redacted are part of conversations between county officials in which they discuss handling written citizen comment.

*Doc. 108 at 8.*

6. On April 3-4, 2026, Plaintiffs again emailed Defendants to demand the unredacted emails or a modified privilege log. *Second Smoger Decl. Ex. 5 at 1,3; Ex. 6 at 3.* The parties met and conferred on April 14, 2026, and after Defendants reiterated their position, Plaintiffs walked away with the perception that the redacted emails and privilege log remained issues. *Doc. 108 at 11.* Shortly after the meet and confer, Plaintiff Preble sent Defendants a copy of all of the emails that he had submitted under pseudonyms between May 1, 2025, and July 15, 2025, all of which Defendants provided in the First Declaration

of Jennifer Sutherland. *Second Smoger Dec. Ex. 7 at 1-32*; *Doc. 95-1 at 44-85.* Therefore, the parties have now identified amongst themselves all submitted written public comments by Plaintiffs through an online portal maintained by Itasca County from May 13 to June 24, 2025 to read aloud at Itasca County Board of Commissioners meetings. Furthermore, Itasca County admits that, in consultation with its legal counsel, it did not read those comments aloud at an Itasca County Board of Commissioners meeting for the summary reasons that the written submissions did not identify a real citizen living at a valid address within the County and otherwise violated the related county policy for having submissions read aloud at a County Board meeting. *Second Smoger Decl. Ex. 8 at 4-5.*

**ARGUMENT**

Plaintiffs have brought this motion to request that the court conduct in camera review of email content that Defendants redacted pursuant attorney client privilege. *Doc. 106. at 1.* They assert that these emails must pertain to administrative and not legal matter and argue that they are entitled to in camera review because the privilege log only generically describes the email content that Defendants redacted. *Id. at 2-3.*

Privilege logs are a tool that parties use to conform to procedural rules on discovery. Under Federal Rules of Civil Procedure 26(b)(5), parties may withhold documents by asserting attorney client privilege; and, when doing so, it must (i) "expressly make the claim; and (ii) describe the nature of the documents, communications, or other tangible things . . . and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." "The attorney-client privilege is the oldest of the privileges for confidential communications" and protects

"communications between a client and her attorney for the purpose of facilitating the rendition of legal services to the client." *Untied States v. Yielding*, 657 F.3d 688, 706-07 (8th Cir. 2011) (quotation omitted). "Unless applicable law provides otherwise, the Government may invoke attorney-client privilege in civil litigation to protect confidential communications between Government officials and Government attorneys." *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 170 (2011).

When a party creates a privilege log, the document is not boilerplate or uninformative for the purpose of rule 26(b)(5) when it includes information on the author of the material, its recipients, a date, a description, and the privilege asserted. *Bartholomew v. Avalon Capital Group, Inc.*, 278 F.R.D. 441, 447 (D. Minn. 2011); *BreathableBaby, LLC v. Crown Crafts*, No. 12-cv-94 (PJS/TNL), 2013 WL 3350594, at *9 (D. Minn. May 31, 2013); *United States v. R.J. Zavoral & Sons., Inc.*, No. 12-cv-668 (MJD/LIB), 2013 WL 12293448, at *2-3 (D. Minn. Dec. 30, 2013). Where a party has provided a detailed privilege log, speculative statements that certain materials are not privileged does not trigger in camera review. *Rabushka ex rel. U.S. v. Crane Co.*, 122. F.3d 559, 565-66 (8th Cir. 1997) (affirming decision to decline in camera review where defendant "produced a detailed privilege log" and where plaintiff simply offered speculative statements that general counsel did not prepare certain withheld documents in his capacity as an attorney); *see also United States v. Zolin*, 491 U.S. 554 (1989) (noting for the purposes of in camera review, that there "is no reason to permit opponents of the privilege to engage in groundless fishing expeditions, with the district courts as their unwitting (and perhaps unwilling agents).").

Here, defendants complied with rule 26(b)(5). First, Defendants included in the privilege log information on authorship, receipt, date, the nature of the material redacted, and the privilege asserted. *Doc. 108 at 13-15.* Defendants (1) outline that each of the emails includes County Attorney Jacob Fauchald and county officials as senders or recipients, (2) each arose on dates within the timeframe relevant to the complaint, that (3) each arose from a conversation related to a specific citizen input comment; and (4) that they are withholding the emails pursuant attorney client privilege. *Id.*

Separate from the privilege log, Defendants have undertaken additional efforts to make clear the privileged nature of what they withheld. First, they produced a redacted version of the emails, and in doing so, retained the subject line, along with the sender and recipients for Plaintiffs to review themselves. *Second Smoger Decl. Ex. 3 at 3-61.* Second, they noted in correspondence to Plaintiffs "that each of the emails we redacted are part of conversations between county officials in which they discuss handling written citizen comment." *Doc. 108 at 8.* Third, Defendants have made clear through their discovery responses that county officials' discussions on handling written citizen input intersected with county policy and law. They noted, for instance, in response to a request for admission, that county officials decided whether to read comments "based on county policy, law, legal advice, and their education and experience." *Second Smoger Decl. Ex. 4 at 6.*

Finally, and most important for the future development of this case, Defendants have given Plaintiffs what they desire from the emails without disclosing privileged information: the reasons county officials did not read their comments aloud. On May 1,

2026, Defendants served Plaintiffs with a response to an interrogatory where Defendant Skyles itemizes each of the submissions that Plaintiffs admitted to sending to the portal. *Second Smoger Decl. Ex. 8 at 4-5.* In that response, in a summary form, he conveys why he did not read the comments aloud: because they violated the rules for citizen input, namely that a person must provide a true name and address when they submit a comment. *Id.* All of the comments that are the subject of this lawsuit are comments that Plaintiffs submitted under fake names and addresses. *Id.*

For these reasons, and others, Defendants were not required to read the comments aloud. *See Viewpoint Neutrality Now! v. Bd. of Regents of Univ. of Minn.*, 109 F.4th 1033, 1039 (8th Cir. 2024) (quotation omitted) (government entities retain the authority to impose reasonable restrictions on public speech in limited public forums). Here, Plaintiffs acted well within their authority to exclude comments under fictional names and addresses, especially when the purpose of public meetings is to discuss issues in an open, transparent, and orderly manner. *Powell v. Noble*, 798 F.3d 690, 700 (8th Cir. 2015) (noting that important component of the reasonableness of a restriction is its relationship to the purpose of the form). Nevertheless, for the purposes of this motion, Defendants have provided sufficient information about the emails they redacted to comply with rule 26(b)(5). By comparison, Plaintiffs have simply provided speculative assertions that the emails are not privileged and must be purely administrative. *Doc. 106 at 2-3.* As a result, in camera review is not worth anyone's time and expense, and this court must deny Plaintiffs' motion. *See Rabushka*, 122. F.3d at 565-66.

## CONCLUSION

Because Defendants properly withheld certain emails based on attorney client privilege, and because they have complied with Rule 26(b)(5) in communicating with Plaintiffs about what they have withheld, this Court must deny Plaintiffs' motion.

Dated: May 1, 2026

**Kennedy & Graven, Chartered**

By: */Nicholas A. Smoger*
Jessica E. Schwie (A.R. #0296880)
Nicholas A. Smoger (A.R. #0504699)
700 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402
Telephone: (612) 337-9222
Facsimile: (612) 337-9310
Email: jschwie@kennedy-graven.com
nsmoger@kennedy-graven.com

**Attorneys for Defendants**